# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

  v.            Case No. 07-20118-JWL

**HARRY L. LUTTRELL,**

  **Defendant.**

_____

## MEMORANDUM & ORDER

  Defendant Harry Luttrell was charged by indictment (doc. #1) with four counts on August 16, 2007. Counts 1 and 2 allege that he possessed with intent to distribute marijuana and methamphetamine. He is charged in Counts 3 and 4 with using and carrying a firearm during and in relation to a drug trafficking crime and being a user of controlled substances in possession of a firearm. The matter is currently before the Court on Mr. Luttrell's Motion to Suppress. (doc. # 34). The Court held a hearing on the Motion on April 11, 2008. For the reasons set forth herein, the Motion to Suppress is denied.

## FINDINGS OF FACT

  On June 5, 2007, around 3:15am, Officer Brandon Holloway of the Kansas City, Kansas Police Department, observed a truck traveling westbound on State Avenue with a defective tag lamp. The officer was standing between the open door and the body of his vehicle. The truck passed by the officer, who was no more than ten feet off the road on which the truck was

traveling. At that distance, Officer Holloway was able to see the outline of the license plate but unable to read it because it was not illuminated. The officer got back into his car, pulled onto State Avenue, and sped up to the vehicle. Once the truck turned onto the driveway leading up to Wyandotte Plaza, a privately owned shopping center, the officer was following close behind and turned on his overhead lights. Up to that point, he had not turned on his lights or sirens.

Mr. Leslie Harris, a codefendant in this case, was driving the truck. Officer Holloway walked to the driver's side, and Mr. Harris told him that he did not have his driver's license with him. As a result, Officer Holloway put Mr. Harris in handcuffs outside the vehicle. After placing Mr. Harris in handcuffs, another officer initiated a vehicle pursuit within one block of the stop and within Officer Holloway's view. He then had to take into consideration the safety of the parties he had stopped. Officer Holloway ran a computer check through dispatch and found that Mr. Harris did not have any outstanding warrants and that Mr. Harris did have a valid license. Upon receiving this information, he took him out of handcuffs. Mr. Harris got back into the vehicle.

Mr. Luttrell was a passenger in the vehicle. The officer spoke to both men, while he weighed his options about possibly terminating the stop in light of the impending vehicle pursuit. Mr. Luttrell told Officer Holloway that he did not have a valid license. The officer concluded that he could not let them drive the car because neither had a valid license. The vehicle pursuit by the other officer ended shortly thereafter.

Officer Holloway placed Mr. Harris in his vehicle, detaining him for driving without a license. He then approached the passenger side of the vehicle and looked through the window inside the cab to make sure that there were no weapons within the Mr. Luttrell's reach. He saw

2

a firearm touching the passenger's right foot on the right side, closest to the passenger door. He opened the passenger door, pulled Mr. Luttrell out of the vehicle, and placed him in handcuffs. Having a firearm on the floorboard of a vehicle is a violation of Kansas City, Kansas Municipal Ordinance, § 22-106(a)(4).[1] He placed Mr. Luttrell in the back of his vehicle and called for backup.

Officer Holloway searched the vehicle. He recovered the firearm that had been at Mr. Luttrell's foot, another firearm underneath the seat in the middle of the truck, five bags of marijuana under the middle of the seat, and a black bag containing three bags of methamphetamine, eighty clear plastic bags, and a digital scale, as well as ammunition in a bag and in a box in the truck bed. The officer called a sergeant who came to the scene to perform a field test on the suspected drugs, which came back positive for marijuana and methamphetamine. Mr. Harris and Ms. Luttrell were both placed under arrest. Officer Holloway also cited Mr. Harris for the defective tag light and not having his license or proof of insurance.

The backup officer, Officer Jones, arrived and placed Mr. Luttrell in his vehicle. He conducted a search incident to arrest and found marijuana and methamphetamine in Mr. Luttrell's pocket. At some point during the stop, Mr. Luttrell was asked what his name was, and he told the officers it was "Albert Cornelson." The next morning Officer Holloway was informed that his name was actually Harry Luttrell.

---

[1] "**Section 22-106. Unlawful use of weapons**. (a) Unlawful use of weapons is knowingly: . . . (4) Carrying or possessing any pistol, revolver, shotgun, rifle or other firearm on the person or in any land, water or air vehicle, loaded or unloaded, except when on the person's own land or in the person's own abode, fixed place of business or office."

3

## ANALYSIS

Mr. Luttrell argues that the initial stop of the truck was unlawful. He also argues that when Officer Holloway seized him from the car, there was no probable cause to believe that Mr. Luttrell had committed a crime. Each is discussed in turn.

**I.     Initial Stop**

The Court finds it unnecessary to reach the parties' dispute about standing because Mr. Luttrell's argument fails on the merits. The basis on which Mr. Luttrell challenges the initial stop is not clear from the original Motion. Mr. Luttrell's counsel clarified at the hearing, however, that Mr. Luttrell argues that the stop was unlawful because it did not take place and was not initiated until the subject vehicle was on private property, so the officer lacked jurisdiction. Mr. Luttrell's counsel referred the Court to *State v. Patton*, 26 Kan. App. 591 (1999). That case, however, regards the interpretation of the statutory meaning of "highway," concluding that a private parking lot is not a highway within the purview of the Kansas Motor Vehicle Drivers' License Act. That reasoning is inapposite to this federal Motion to Suppress.

The traffic infraction for which Officer Holloway pulled over the truck occurred on a city street. Officer Holloway testified that he could not see the license plate as the truck drove past him on State Avenue. He then pursued the truck, and the stop occurred in a parking lot. First, the parking lot is within the city limits, and, therefore, is not outside Officer Holloway's jurisdiction. *See* K.S.A. § 22-2401a(2)(a) ("Law enforcement officers employed by any city may exercise their powers as law enforcement officers [*a*]*nywhere* within the city limits of the city employing them. . .") (emphasis added); *see also City of Lenexa v. Puhr*, 97 P.3d 1072, 2004 WL 2160709, *1 (Kan. App. 2004) (table opinion) (finding that city officers were within

4

their jurisdiction when monitoring traffic from private business parking lot because that parking lot was within the city limits). Even assuming *arguendo* the parking lot was not within the officer's jurisdiction, the officer did not violate the state jurisdictional limitations where he was in fresh pursuit based on a violation that he observed on a city street. *See* K.S.A. § 22-2401a(2)(b) ("Law enforcement officers employed by any city may exercise their powers as law enforcement officers. . . in any other place . . . when in fresh pursuit of a person."); *see also Ross v. Neff*, 905 F.2d 1349 (10th Cir. 1990) (finding that warrantless arrest by sheriff outside his jurisdiction violated the Fourth Amendment in section 1983 claim, but also stating, "[w]e do not in this opinion intend to cast doubt upon the constitutional validity of extra-jurisdictional arrests made by police officers in 'hot pursuit'"). The Court finds that Mr. Luttrell's argument is without merit, and the stop was not performed in violation of the Fourth Amendment. *See generally United States v. Payne*, 99 Fed. Appx. 204, 2004 WL 1157825 (10th Cir. May 25, 2004) (finding that there was no "indication that the police officers' conduct was…unlawful" where the police pursued the defendant onto private property and detained him in his cousin's backyard after a traffic infraction); *Nasca v. County of Suffolk,* 2008 WL 53247 (E.D.N.Y. 2008) (denying plaintiff's Fourth Amendment claim under Section 1983 that was predicated on the entry of the police officer onto plaintiff's driveway; plaintiff pulled into driveway from public street and the officer followed to issue a summons for a traffic violation that occurred on public street).

## II. Seizure of Mr. Luttrell

Mr. Luttrell argues that the seizure of his person was unlawful. He alleged in his initial Motion that the officer did not see the firearm by Mr. Luttrell's foot until after he opened the

passenger door. The testimony at the hearing, however, established that the officer first saw the firearm in plain view, touching Mr. Luttrell's foot, before opening the door. Upon seeing the firearm in plain view, Officer Holloway had probable cause that Mr. Luttrell was committing a crime, namely the "unlawful use of weapons," pursuant to Kansas City, Kansas Municipal Ordinance § 22-106(a)(4). *See, e.g.*, *McCormick v. City of Lawrence*, 325 F.Supp.2d 1191, 1204 (D. Kan. 2004) (finding probable cause to arrest based on violation of city ordinance). This probable cause justified Officer Holloway's detention and arrest of Mr. Luttrell. *See United States v. Henley*, 469 U.S. 221, 235 (1985) (after lawfully stopping vehicle, officers were entitled "to arrest [the] passenger when evidence discovered in plain view gave probable cause to believe the passenger had committed a crime"); *United States v. Gordon*, 173 F.3d 761, 766 (10th Cir. 1999) ("Law enforcement personnel may arrest a person without a warrant if there is probable cause to believe that person committed a crime."). Mr. Luttrell's Fourth Amendment rights were not violated. Accordingly, the Motion is denied.

**IT IS HEREBY ORDERED** that Mr. Luttrell's Motion to Suppress (doc. # 34) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 23rd day of April, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
